# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52612

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: August 12, 2026 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JAMIE DAWN HILDEBRANDT, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jamie Dawn Hildebrandt appeals from her judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Two officers witnessed what they suspected was an exchange of drugs between Hildebrandt and another driver in a parking lot. After the exchange, one of the officers initiated a stop of Hildebrandt's vehicle after observing traffic violations. During the stop, Hildebrandt consented to a search of her vehicle and disclosed to the officer there were "norcos" in the vehicle. The officer then located an unlabeled pill bottle that contained Hydrocodone. During this stop, another officer conducted a traffic stop of the second vehicle engaged in the parking lot exchange.

1

The driver of the second vehicle stated that she sold Hydrocodone to Hildebrandt. During the traffic stop of Hildebrandt's vehicle, she disclosed that she bought Hydrocodone from the driver of the second vehicle. Hildebrandt was charged with possession of a controlled substance, possession of drug paraphernalia, and being a persistent violator.

Two months after Hildebrandt was arrested, the first officer who arrested Hildebrandt was terminated for matters unrelated to this case. Hildebrandt filed a motion to compel discovery of information related to the officer's termination, including his personnel file, asserting the information was discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). The State opposed the motion, contending that the officer's personnel file was not discoverable because the State did not plan to call the officer as a witness in light of other sufficient evidence to support the prosecution. After conducting an *in camera* review of the officer's personnel file, the district court concluded the undisclosed evidence was not prejudicial despite the termination involving "dishonesty" and denied the motion to compel. The State subsequently filed a motion in limine to exclude testimony from the officer who was terminated, arguing the testimony would be "collateral and irrelevant." The district court granted the State's motion and held that the officer's testimony would not be permitted unless the State "opened the door."

Hildebrandt entered a conditional guilty plea to possession of a controlled substance (I.C. § 37-2732(c)), specifically reserving her right to appeal the district court's denial of her motion to compel discovery. In exchange for her guilty plea, the remaining charges were dismissed. Hildebrandt appeals.

## II.

## STANDARD OF REVIEW

Trial courts have broad discretion in determining whether to grant a motion to compel. *State v. Pendleton*, 172 Idaho 825, 831, 537 P.3d 66, 72 (2023). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

2

# III.

## ANALYSIS

Hildebrandt challenges the district court's denial of her motion to compel discovery, arguing that the officer's personnel file is discoverable because it is "prejudicial or material under the totality of the circumstances." Hildebrandt makes her argument "mindful" of the district court's *in camera* review of the file, its analysis of the contents, and its determination that the file was unrelated to her case. The State argues the district court properly denied Hildebrandt's motion to compel discovery based on its conclusion that no reasonable probability existed that disclosure of the officer's personnel file would lead to a different result. We hold that Hildebrandt has failed to show the district court erred in denying her motion to compel.

Due process requires all exculpatory evidence known to the State or in its possession to be disclosed to the defendant. *Brady*, 373 U.S. at 87; *Grube v. State*, 134 Idaho 24, 27, 995 P.2d 794, 797 (2000). There are three essential components of a true *Brady* violation: the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Prejudice is shown where the favorable evidence is material and constitutional error results from its suppression by the government if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different. *Thumm v. State*, 165 Idaho 405, 422, 447 P.3d 853, 870 (2019). A reasonable probability of a different result is shown when the government undermines confidence in the outcome of the trial. *Id*.

Hildebrandt filed a motion to compel discovery of the officer's personnel file asserting the information was discoverable *Brady* material, primarily on the grounds that the termination information would be impeaching. The State opposed the motion, arguing the officer's personnel file was not discoverable *Brady* material since it was not exculpatory or impeaching. The State also contended that it had "separate, independent evidence" that it would present at trial. The district court conducted an *in camera* review of the officer's personnel file to determine its materiality for Hildebrandt's case. After the *in camera* review, the district court concluded the officer's file was not prejudicial or material in that there was no reasonable probability that its disclosure would lead to a different result in Hildebrandt's case based on the State's facial

assertions regarding the sufficiency of separate evidence. The district court subsequently denied Hildebrandt's motion to compel.

As noted, Hildebrandt does not challenge the district court's decision to review the officer's personnel file *in camera*, its analysis in determining the materiality of the officer's personnel file in denying the motion to compel, or its conclusion that the officer's termination was unrelated to Hildebrandt's case. Instead, Hildebrandt's argument hinges on the assertion that the officer's personnel file was prejudicial or material to Hildebrandt's case "under the totality of the circumstances" because the officer was involved in Hildebrandt's arrest and the office was terminated for dishonesty in an unrelated arrest. We disagree.

Evidence is material if there is a reasonable probability that its disclosure to the accused would lead to a different result. *Abdullah v. State*, 173 Idaho 127, 143, 539 P.3d 947, 963 (2023). As an initial matter, it is unclear what "different result" Hildebrandt claims in this case. Because Hildebrandt pled guilty, the different result would presumably be either dismissal of the charges against her or an acquittal following trial. However, Hildebrandt has not asserted that she would not have pled guilty if the district court had granted her motion to compel. Although Hildebrandt asserts "there is a reasonable probability that the presentation of evidence to a jury showing the primary investigating officer had been terminated for violations of police department policy for his actions in another case" would "lead to a favorable verdict," this assertion is conclusory. This assertion also fails to account for the other evidence the State intended to present, which was a key component of the district court's reasoning in denying the motion to compel. The other flaw in Hildebrandt's argument is that it does not account for the district court's willingness to reconsider its ruling at trial depending on the presentation of evidence. Even setting aside these shortcomings, Hildebrandt has not demonstrated error in the district court's decision.

After reviewing the officer's personnel file, the district court concluded there was no reasonable probability that its disclosure would have led to a different result. The district court found that the officer's personnel file was not material or prejudicial to Hildebrandt's case. Furthermore, Hildebrandt failed to challenge any of the district court's factual findings, such as the officer's termination having been unrelated to her case and that the State had sufficient evidence to find her guilty without the officer's testimony. The district court properly concluded

4

the requested information was not material to Hildebrandt's case and was thus not subject to disclosure. Hildebrandt has failed to show the district court erred in denying her motion to compel.

## IV.

## CONCLUSION

The district court properly found that the officer's personnel file was not material or prejudicial to Hildebrandt's case. Hildebrandt has therefore failed to show the district court erred in denying her motion to compel. Hildebrandt's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge TRIBE and Judge FLEMING, **CONCUR**.